IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-64-FL-1
No. 7:16-CV-234-FL

| | | |
|---|---|---|
| CHARLES RAY DEESE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 75) and his motion to amend (DE 85). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 79). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate, denies petitioner's motion to amend, and grants the government's motion to dismiss.

## BACKGROUND

On September 7, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to the following: possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (Count One); and possession with intent to distribute more than five grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

On December 8, 2010, the court sentenced petitioner to 293 months' imprisonment on both Counts One and Two, to be served concurrently. Petitioner appealed his judgment, and the Fourth Circuit Court of Appeals affirmed. See United States v. Deese, 456 F. App'x 298 (2011). Petitioner then filed a petition for certiorari with the United States Supreme Court, but it was denied. See Deese v. United States, 132 S. Ct. 1939 (2012).

Petitioner filed his first motion to vacate, made pursuant to 28 U.S.C. § 2255, on September 13, 2012. Petitioner's motion was denied. On June 27, 2016, petitioner filed the instant § 2255 motion, arguing that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015): 1) he does not have the predicate convictions to support the career offender enhancement under U.S.S.G. § 4B1.1; and 2) he does not qualify for enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On August 15, 2016, the government filed its motion to dismiss, arguing that petitioner's § 2255 motion should be dismissed for failure to state a claim. On September 12, 2016, petitioner filed his motion to amend, seeking to assert claims based on Beckles v. United States, 137 S. Ct. 886 (2017), and Mathis v. United States, 136 S. Ct. 2243 (2016).

**COURT'S DISCUSSION**

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and

conclusions of law with respect thereto." Id. § 2255(b).

B.     Analysis

    1.     Motion to Vacate

        a.     Petitioner fails to state a claim for relief.

            i.     Career offender

In his first claim, petitioner argues that following the Supreme Court's decision in Johnson, he no longer has the predicate convictions for the career offender enhancement under U.S.S.G. § 4B1.1. Mot. Vacate (DE 75) at 4.

On June 26, 2015, in Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

In this case, petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, because petitioner may not rely on Johnson's reasoning to attack his career offender designation, his first claim must be dismissed.

3

ii.  ACCA

Petitioner argues in his second claim that following <u>Johnson</u>, he does not qualify for enhancement under the ACCA sentencing enhancement. Mot. Vacate (DE 75) at 5.

This claim fails because the Supreme Court did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). <u>Johnson</u>, 135 S. Ct. at 2563. As is relevant to this case, burglary is an enumerated offense. <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit Court of Appeals has held that the North Carolina offense of breaking and entering qualifies as a burglary under § 924(e). <u>United States v. Mungro</u>, 754 F.3d 267, 272 (4th Cir. 2014).

Petitioner has several North Carolina convictions for breaking and entering that occurred on occasions different from one another and were punishable by more than a year of imprisonment. <u>See</u> PSR ¶¶ 10, 13, 15. Because <u>Johnson</u> does not impact whether petitioner's breaking and entering convictions qualify as violent felonies for purposes of the ACCA, this claim must fail. Consequently, petitioner's second claim will be dismissed.

2. Motion to Amend

Petitioner's next motion before the court is a motion to amend, which raises claims under <u>Beckles</u> and <u>Mathis</u>. The court will address each claim in turn. With respect to the <u>Beckles</u> claim, petitioner argues that in light of the Supreme Court's decision in <u>Beckles</u>, he is no longer a career offender. Mot. Amend (DE 85) at 1. This claim fails because, as discussed above, petitioner's status as a career offender is not subject to constitutional challenge, and therefore, amendment would be futile.

The court will now turn to petitioner's <u>Mathis</u> claim. In <u>Mathis</u>, the Supreme Court held that when determining whether an offense qualifies as a predicate under the ACCA, the court takes a

modified categorical approach, which means looking to the statutory elements of the offense rather than the means of commission. 136 S. Ct. at 2257. As discussed below, because petitioner's Mathis claim is untimely, amendment would be futile.

A one-year period of limitation applies to claims in a § 2255 motion. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, judgment was entered on December 23, 2010, and petitioner appealed the court's judgment. On December 5, 2011, the Fourth Circuit Court of Appeals affirmed. Petitioner then filed a petition for certiorari with the Supreme Court. The Supreme Court denied the petition on April 16, 2012. Therefore, petitioner's judgment became final on April 16, 2012. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that finality attaches when the Supreme Court affirms a conviction on the merits on direct review, denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires).

Because petitioner's judgment became final on April 16, 2012, he had until April 16, 2013 to file a timely § 2255 motion. Petitioner's § 2255 motion was filed on June 22, 2016, at the

5

earliest.² Thus, petitioner's motion was filed over three years outside the filing period provided by § 2255(f)(1).

Petitioner has also failed to show that his claim is timely pursuant to § 2255(f)(3) for at least two reasons. First, Mathis did not set forth a new rule of constitutional law. See Mathis, 136 S. Ct. at 2257 (indicating its decision was based on longstanding precedent); see also United States v. Saunders, Nos. 7:09CR00021-01, 7:16CV81214, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (concluding that Mathis did not announce a new rule of law). Second, the Supreme Court has not made Mathis retroactively applicable to cases on collateral review. See Mathis, 136 S. Ct. at 2243; see also In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) on the basis that the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review).

Petitioner has also not shown that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show: (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

---

² A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner represents that he placed his § 2255 motion in the prison mailing system on June 22, 2016. See Mot. Vacate (DE 75-4) at 1.

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Thus, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Mathis claim.

In sum, petitioner's Beckles claim offers him no relief, and his Mathis claim is untimely. Accordingly, petitioner's motion to amend must be denied on the basis that amendment would be futile.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 75), GRANTS the government's motion to dismiss (DE 79), and DENIES petitioner's motion to amend (DE 85). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge